

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2008

# Lusick v. Palakovich

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3408

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lusick v. Palakovich" (2008). *2008 Decisions*. Paper 1423.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1423

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos.  05-3408 / 05-4203

———————

DAVID LUSICK,

Appellant

v.

JOHN PALAKOVICH, WARDEN;
THE DISTRICT ATTORNEY OF
THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 04-cv-01322)
District Judge: Honorable Berle M. Schiller

———————

Argued February 5, 2008

Before: MCKEE and AMBRO, Circuit Judges,
and IRENAS,* District Judge

(filed: March 19, 2008)

---

*Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey,
sitting by designation.

Clayton A. Sweeney, Jr., Esquire (Argued)
P.O. Box 55441
Philadelphia, PA 19127-0000

 Counsel for Appellant

Robert M. Falin (Argued)
 Assistant District Attorney
Thomas W. Dolgenos
 Chief, Federal Litigation
Ronald Eisenberg
 Deputy District Attorney, Law Division
Arnold H. Gordon
 First Assistant District Attorney
Lynn Abraham
 District Attorney
J. Hunter Bennett, Esquire
3 South Penn Square
Philadelphia, PA 19107-3499

 Counsel for Appellees

---

OPINION

---

AMBRO, <u>Circuit Judge</u>

David Lusick filed a petition for a writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania. There the Magistrate Judge issued a Report and Recommendation stating that Lusick's petition should be denied. The District Court approved, adopted the Report and Recommendation, and denied the petition with prejudice.

Lusick requested a certificate of appealability from our Court pursuant to 28

2

U.S.C. § 2253(c)(1). We granted that request for the following three issues: whether trial counsel was ineffective for failing adequately to impeach the victims' testimony with their prior inconsistent statements; whether trial counsel was ineffective for failing to object to hearsay testimony from witnesses Officer Joseph Szott and Rosemary Rodriguez; and whether appellate counsel was ineffective for failing to pursue both issues. For the following reasons, we affirm the District Court's denial of Lusick's petition.

## I. Background

Because we write primarily for the parties, we briefly recite the facts underlying this appeal. In 1994 Lusick and G.K., the mother of the victims, were tried together for sexually assaulting two minors, five-year-old H.K. and her six-year-old sister S.K. The jury found that Lusick committed assaults on both victims, and convicted him on two counts of involuntary deviate sexual intercourse, two counts of indecent assault, two counts of corrupting the morals of a minor, and criminal conspiracy. Lusick was sentenced to an aggregate term of 12 to 35 years' imprisonment.

After the assault, a neighbor, Ms. Rodriguez, saw H.K., and moments later S.K., wandering down the street. After questioning the victims and speaking with a relative employed by the Philadelphia Department of Human Services, Rodriguez called the police. Officer Szott was the first officer to arrive at Rodriguez's house. The police interviewed all parties on location, arrested Lusick and G.K., and took Rodriguez and the

3

victims to the police station. An Officer Ratka (whose first name is not in the record) interviewed both victims and Rodriguez individually, recording the interviews in a formal police report. Also on the day of the assault, the victims underwent a medical evaluation at the Children's Hospital of Pennsylvania. The results of the evaluation were normal, although evidence was presented at trial that they were consistent with the type of assault reported. Because the medical evaluation did not indicate any trauma, the victims' testimony constituted the primary evidence of Lusick's guilt.

Lusick argues that his trial counsel was ineffective for failing to impeach H.K. at trial with her prior inconsistent statements in Officer Ratka's report and for failing to object to alleged hearsay testimony of Officer Szott and Rodriguez. Lusick also argues that his appellate counsel was ineffective for failing to raise these issues on appeal.

Following his conviction, Lusick appealed his sentence to the Pennsylvania Superior Court, which denied his appeal and affirmed the sentence. *Commonwealth v. Lusick*, 679 A.2d 848 (Pa. Super. Ct. 1996). Lusick attempted to appeal further to the Pennsylvania Supreme Court, but was denied allocatur. *Commonwealth v. Lusick*, 685 A.2d 544 (Pa. 1996). Lusick then filed a *pro se* application for relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541, *et seq*. Counsel was appointed, and after three days of oral argument, the PCRA Court dismissed Lusick's petition for relief. On appeal, the Superior Court affirmed the PCRA Court. *Commonwealth v. Lusick*, 832 A.2d 539 (Pa. Super. Ct. 2003). Once again the

4

Pennsylvania Supreme Court denied allocatur. *Commonwealth v. Lusick*, 841 A.2d 530

(Pa. 2003).

**II. Jurisdiction and Standard of Review**

We have appellate jurisdiction under 28 U.S.C. § 2253. Because the District Court

denied Lusick's habeas petition based solely on the state court record, our review is

plenary. *Marshall v. Hendricks*, 307 F.3d 36, 50 (3d Cir. 2002). The standard of review

of the state courts' decisions are governed by the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA). In pertinent part, the AEDPA states that

> [a]n application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim (1) resulted in a
> decision that was contrary to, or involved an unreasonable application
> of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or; (2) resulted in a decision that was based
> on an unreasonable determination of the facts in light of the evidence
> presented in the State court proceeding.

28 U.S.C. § 2254(d).

Here, the PCRA Court and the Superior Court considered the merits of the

ineffectiveness of counsel claims under the applicable federal standards. Accordingly, we

review Lusick's claims under the deferential AEDPA standard of review.

**III. Analysis**

For a decision to be contrary to Supreme Court precedent, a state court must have

reached a "conclusion opposite to that reached by the [Supreme] Court on a question of

5

law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application of precedent occurs where "the state court identifies the correct governing legal principle from the [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. The state court's decision must not merely be incorrect or erroneous, but "objectively unreasonable." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

The standard used to assess whether trial counsel was constitutionally defective is stated in *Strickland v. Washington*, 466 U.S. 668 (1984). Claims of ineffective assistance of appellate counsel are also governed by the *Strickland* standard. *United States v. Mannino*, 212 F.3d 835, 840 (3d Cir. 2000). In order to claim ineffective assistance of counsel, Lusick must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Strickland,* 466 U.S. at 687. Here, the Pennsylvania courts properly analyzed whether Lusick's trial and appellate counsels' performances were deficient and if any such deficiencies were prejudicial, answering no for both issues for both counsel.

The Pennsylvania courts held that Lusick's trial counsel was not deficient for failing to impeach the victims with Officer Ratka's report because tactically trial counsel did not want to harass the children before the jury. Furthermore, the jury already knew of inconsistencies in the victims' mutually corroborating story, so failing to impeach them

6

did not prejudice Lusick's defense. With respect to the argument that Lusick's trial counsel was ineffective for failing to object to alleged hearsay testimony by Officer Szott and Rodriguez, the Pennsylvania courts held that under state law the testimony was admissible, and Lusick's counsel was not ineffective for failing to object to admissible evidence. Finally, the Pennsylvania courts held that Lusick's appellate counsel was not ineffective for failing to raise ultimately unsuccessful claims.

"Judicial scrutiny of counsel's performance must be highly deferential . . . [and] a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. We cannot fault Lusick's trial counsel for failing to impeach H.K. with Officer Ratka's report when the jury was already aware of inconsistencies in H.K.'s testimony. It was neither deficient nor prejudicial for his trial counsel to try to avoid appearing to bully her. With respect to the alleged hearsay testimony, on *habeas* review we will not "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Despite aggressive assertions to the contrary, Lusick has failed to show that the decisions of the Pennsylvania courts were "objectively unreasonable." *Rompilla*, 545 U.S. at 380.

After oral argument, Lusick submitted a letter pursuant to Federal Rule of Appellate Procedure 28(j), requesting that we expand the certificate of appealability and consider the uncertified issue of whether his trial counsel was ineffective for failing to attack the competency of H.K. and S.K. The Pennsylvania courts and the District Court

7

reasonably addressed this issue when it was before them. Moreover, we typically do not consider uncertified issues unless the petitioner first seeks, and we grant, certification on additional issues. Third Circuit LAR 22.1(b).

In this context, we affirm.

By the Court,

/s/ Thomas L. Ambro, Circuit Judge